UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | |
| TIMOTHY JENNINGS, | ) ) ) ) ) | Case No. 18-cr-17 (TSC) |
| Defendant. | ) ) | |

**ORDER**

Before the court is Defendant Timothy Jennings' Emergency Motion to Reduce his Sentence Pursuant to the Compassionate Release Statute, 18 U.S.C. § 3582(c)(1)(A)(i). (ECF Nos. 25, 29 (Def. Reply).) The Government opposes the motion.[1] (ECF No. 27 (Gov Opp.).)

**I. BACKGROUND**

Jennings pled guilty to two counts of Bank Robbery, in violation of Title 18, United States Code, Section 2113(a) and was sentenced to 60 months to be followed by 36 months of supervised release.[2] (ECF No. 23.) He has now served 33 months. (ECF No. 17 (PSR) at 1 (arrest date of July 21, 2017).) Jennings is a 63-year-old Vietnam veteran with serious health problems, including "an irregular heartbeat thought to be caused by a problem with his heart

---

[1] The Government also requests more time to get information from the prison regarding their protocols and Jennings's health conditions. (ECF No. 26.) Because the briefs already provide the court with enough information to rule on the motion for compassionate release, the request for additional time will be denied.

[2] A month after his sentencing in this case, Jennings was sentenced to a consecutive 24 months of imprisonment on a supervised release violation from a 2006 case. See *United States v. Jennings*, No. 06-cr-233 (RBW), Dkt. No. 41 (D.D.C. July 17, 2018). Jennings asserts that he will be moving for compassionate release in that case as well. (Def. Reply at 4, n. 9.)

1

valves, coronary artery disease, high blood pressure, elevated cholesterol, diabetes, hepatitis, and sever[e] knee pain caused by arthritis and deterioration of the cartilage." (ECF No. 20 at 5; *see also* PSR ¶ 175.) He suffered a heart attack in November 2019 while incarcerated. (Def. Reply at 4.) He was hospitalized for 7 days and told that he has ischemic heart disease that requires a pacemaker, though he has thus far been unable to receive one. (*Id.*)

## II. DISCUSSION

As modified by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If the exhaustion requirement is met, the court must then determine on the merits whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In doing so, the court must also consider the 18 U.S.C. § 3553(a) sentencing factors to the extent they apply. *Id.*

A. Exhaustion

Jennings concedes that he has not met the exhaustion requirement because though he filed a compassionate release request with the Warden on April 18, 2020, the requisite 30 days have not yet passed. (Def. Reply, Ex. A.) Nonetheless, Jennings urges the court to waive the requirement and cites to one case in this Circuit, and several others outside the Circuit for support. (Def. Reply at 21–23.) The Government argues that the exhaustion requirement may not be waived, citing to a number of cases outside this Circuit. (Gov. Opp. at 7–8.)

It appears that the only two cases in the Circuit to reach the issue concluded that the exhaustion requirement for the compassionate release statute can be waived.[3] In *United States v. Powell*, the court waived the requirement because "requiring defendant to first seek relief through the Bureau of Prisons' administrative process would be futile . . ." *United States v. Powell*, 2020 WL 1698194, at *1 (D.D.C. Mar. 28, 2020). In *United States v. Ghorbani*, the Government actually argued the opposite of its position here, asserting in a joint filing that "while 18 U.S.C. § 3582(c)(1)(A)(i) includes an exhaustion requirement, a Court can dispense with the administrative exhaustion requirement where, as here, there are 'exceptional circumstances of peculiar urgency . . .'" *United States v. Ghorbani*, No. 18-cr-255, Dkt. No. 129, at 2, n. 1 (D.D.C. April 3, 2020) (citing *Hendricks v. Zenon*, 993 F. 2d 664, 672 (9th Cir. 1993)). The court then waived the requirement without further discussion. *Id.* at Dkt. No. 131.

In addition, while the D.C. Circuit has not addressed this particular statute's exhaustion requirement, its cases instruct generally that a waiver of a non-jurisdictional exhaustion requirement is appropriate where, *inter alia*, "administrative remedies are inadequate" and where "irreparable injury would result unless immediate judicial review is permitted." *Randolph-Sheppard Vendors of Am. V. v. Weinberger*, 795 F. 2d 90, 107 (D.C. Cir. 1986). Both of those circumstances are present in this case.

The court also finds that waiving the exhaustion requirement is appropriate here given the history of the compassionate release statute and the urgency of the COVID-19 pandemic. The First Step Act, which created the 30-day rule, "was enacted to further increase the use of compassionate

---

[3] Outside of this Circuit, courts are divided. Many courts have held that the exhaustion requirement may be waived. *See, e.g.*, *United States v. Smith*, 2020 WL 1849748, at *2–4 (S.D.N.Y. Apr. 13, 2020); *United States v. Colvin*, 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020); *United States v. Sawicz*, 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020). Others have taken the opposite position. *See, e.g.*, *United States v. Gross*, 2020 WL 1673244, at *2–3 (S.D.N.Y. Apr. 6, 2020); *United States v. Zywotko*, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020).

release and . . . explicitly allows courts to grant such motions even when BOP finds they are not appropriate." *United States v. Beck*, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019); *see also United States v. Cantu*, 2019 WL 2498923, at *4 (S.D. Tex. June 17, 2019) (explaining that "defendants no longer need the blessing of the BOP to bring such motions"). Thus, the 30-day exhaustion period is best understood as a method to expand and accelerate, rather than hinder, the ability of inmates to move for release. For that reason, it would frustrate Congressional purpose to hold that it prohibits a decision on the merits in these exceptional circumstances. *See United States v. Russo*, No. 16-cr-441, Dkt. No. 54, at 5 (S.D.N.Y. Apr. 3, 2020) ("In essence, the 30-day rule was meant as an accelerant to judicial review. The Court is charged with interpreting congressional intent and it would pervert congressional intent to treat it as a substantial obstacle to effective judicial review.")

Finally, as other courts have found, the 30-day rule is not jurisdictional, but rather is a claims processing rule that determines who moves for release and when. *United States v. Haney*, 2020 WL 1821988, at *2 (S.D.N.Y. Apr. 13, 2020) (citing *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) ("A rule qualifies as jurisdictional only if 'Congress has clearly stated that the rule is jurisdictional.'") The 30-day rule "simply delineates the process for a party to obtain judicial review, not referring to the adjudicatory capacity of courts." *Id.; see also, Avocados Plus Inc. v. Veneman,* 370 F.3d 1243, 1248 (D.C. Cir. 2004) (quoting *I.A.M. National Pension Fund Benefit Plan C v. Stockton Tri Industries*, 727 F.2d 1204, 1208 (D.C. Cir. 1984) ("We presume exhaustion is non-jurisdictional unless 'Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision.'") For all these reasons the court finds that the exhaustion requirement is non-jurisdictional and that it may be waived in this circumstance.

B. <u>Extraordinary and Compelling Reasons for Sentence Reduction</u>

On the merits, the court finds that Jennings has set forth "extraordinary and compelling reasons" to warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

First, releasing him is consistent with the Sentencing Commission's section 3553(a) sentencing factors and applicable policy statements. *See* 18 U.S.C. 3553(a); U.S.S.G. § 1B1.13. The sentence that Jennings has served thus far, and that he will continue to serve when on supervised release, balances the seriousness of his crime with his acceptance of responsibility. Jennings "has served much of his sentence while seriously ill and in physical discomfort." *United States v. Williams*, 2020 WL 1751545, at *4 (N.D. Fla. Apr. 1, 2020). "This means that his sentence has been significantly more laborious than that served by most inmates. It also means that further incarceration in his condition would be greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2)." *Id.* (quoting *United States v. McGraw*, 2019 WL 2059488, at *5 (S.D. Ind. May 9, 2019)). And in sentencing Jennings, the court did not intend for his sentence to "include a great and unforeseen risk of severe illness or death brought on by a global pandemic." *United States v. Zukerman*, No. 16-cr-194, Dkt. No. 116 (S.D.N.Y. Apr. 3, 2020).

There are also a variety of factors suggesting that Jennings does not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). He has had no disciplinary issues while imprisoned. (Def. Reply at 39.) His release plan includes living with his son, a tenured professor at Howard Community College and Coppin State University, who is healthy and lives by himself in a home with an extra room. (*Id.*) In addition, Jennings's age and poor health make it considerably less likely that he would pose a threat to the community. *Cf. United States v. York*, 2019 WL 3241166, at *7 (E.D. Tenn. July 18, 2019) ("The Court cannot fathom, and no party has attempted to explain, how Defendant could pose a danger to the community in light of his chronic physical impairments.")

Finally, Jennings' medical conditions, and the rapid spread and lethality of COVID-19, make for extraordinary and compelling reasons justifying release. Jennings' advanced age, diabetes, and heart issues place him at a heightened risk of developing serious complications should he be exposed to COVID-19 while in prison. *See* U.S.S.G. § 1B1.13 comment n.1 (A)(ii). As the Government notes, both "serious heart conditions" and "diabetes" are conditions that present Jennings with a "high-risk for severe illness from COVID-19." (Gov. Opp. at 11, n. 5.) If released, Jennings will be able to more effectively avoid contracting COVID-19 and will have access to medical care through the Veterans Administration's "Health care for Re-Entry Veterans" Program. (Def. Reply at 40.) For all these reasons, the court concludes that extraordinary and compelling reasons warrant a reduction of Jennings' sentence to time served.

### III. ORDER

In light of the foregoing discussion, it is hereby

ORDERED that Jennings's motion is GRANTED and it is further ORDERED that Jennings be RESENTENCED to TIME SERVED plus 36 months of supervised release under the conditions in the original judgment.

<u>If Jennings is released in the next 90 days</u>, it is further

ORDERED that Jennings's Supervised Release be transferred to the District Court of Maryland;

ORDERED that Jennings must reside at the location designated in Baltimore, Maryland in his filing of April 20, 2020, ECF No. 29;

ORDERED that Jennings must not leave the residence until two weeks after arrival at the residence, unless he is seeking necessary medical care, and that in the event that Jennings must leave the residence to seek such care, he shall report such medical visits to the Probation Office in advance;

ORDERED that Jennings must call the Probation Office within 72 hours of his release; and

ORDERED that all other provisions of the sentence imposed on June 22, 2018 remain in effect.

Date: April 22, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge